# Exhibit 1

**THE SUPERIOR COURT OF BULLOCH COUNTY**
**STATE OF GEORGIA**

<u>**SHERIFF'S ENTRY OF SERVICE**</u>

Civil Action No. _SRCV23-00653-MO_

Date Filed _7th June, 2023_

Attorney's Address

| | |
|---|---|
| Magistrate Court | ☐ |
| Superior Court | ☒ |
| State Court | ☐ |

Georgia, Bulloch County

_Anthony Oliver_ _Cheatham_

_____

_____ **Plaintiff**

**VS.**

_Michael Mahindra Pal_

_____

_____ **Defendant**

Name and Address of Party to be Served

_Michael Mahindra Pal, f/b/a Hook Repair_
_and Towing_
_2420 Hickey Bluff Rd, Brinkli, GA 30415_
_____

_412 612 2565_

_____ **Garnishee**

**RESIDENTIAL**

I have this day served the Defendant _Michael Mahindra Pal_ with a true copy
of the within petition and summons by serving same upon _____ ,
a person Sui Juris residing on the premises.
This _28_ day of _June_ 20_23_. _P Hor 17:14 15 11_ _____, Deputy Sheriff

**CORPORATE**

I have this day served the Defendant _____ , a corporation,
with a true copy of the within petition and summons by handling the same in person to
_____ , an officer of said corporation.
This _____ day of _____ 20_____. _____ , Deputy Sheriff

**TACKED AND MAILED**

I have this day executed the within Affidavit and Summons by tacking a copy of the within process on
the door of the premises designated in said action and also by depositing a true copy thereof in the United States
mail in an envelope properly addressed to Defendant at his last known address with sufficient postage affixed.
This _____ day of _____ 20_____. _____ , Deputy Sheriff

**GARNISHEE**

I have this day at the hour of _____ served the Summons of Garnishment upon
_____ by handling the original of same to _____
in person, he/she being _____ and agent in charge of _____
at the time of service in Bulloch County.
This _____ day of _____ 20_____. _____ , Deputy Sheriff

**MAILED**

This is to certify that I have this day served the Defendant _____
with a copy of the within Affidavit and Summons by depositing a copy of thereof in the United States mail,
in an envelope properly addressed to Defendant at his last known address as shown in said Affidavit,
with adequate postage affixed thereon.
This _____ day of _____ 20_____. _____ , Deputy Sheriff

**SEARCH**

Diligent search made and Defendant is not to be found in the jurisdiction of this
court
This _____ day of _____ 20_____. _____ , Deputy Sheriff

## IN THE SUPERIOR COURT OF CHATHAM COUNTY

## STATE OF GEORGIA

ANTHONY OLIVER, Individually and on behalf of all others similarly situated

CIVIL ACTION SPCV23-00653-MO
NUMBER _____

_____

_____

PLAINTIFF

VS.

MICHAEL MAHENDRA PAL, d/b/a HOOK RECOVERY AND TOWING,

_____

_____

DEFENDANT

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney whose name and address is:

McNeill Stokes, Esq.
5372 Whitehall Place SE
Mableton, GA 30126
Telephone: 404-352-2144

an answer to the complaint which is herewith served upon you, within 30 days after service of summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.

This_____7th_____ day of _____June_____, _____2023_____.

TAMMIE MOSLEY
Clerk of Superior Court
CHATHAM COUNTY

By_____
Deputy Clerk

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.
SC-1 Rev 04

# IN CHATHAM SUPERIOR COURT

_____ TERM _____

_____ _____

_____

_____

VS.

_____

_____

**ORIGINAL**

7th

Filed in the Clerk's Office this _____

June

day of _____, _____ 2023

Clerk, Dep. Clerk, S.C.C.C. GA

_____

PLAINTIFF'S ATTORNEY

_____

IN THE SUPERIOR COURT OF THE EASTERN JUDICIAL CIRCUIT

STATE OF GEORGIA

| | |
|---|---|
| ANTHONY OLIVER,<br>Individually and on behalf of all others<br>similarly situated. | Case No.: SPCV23-00653-MO |
| **Plaintiffs,** | **JURY DEMAND** |
| vs. | **CLASS ACTION COMPLAINT** |
| MICHAEL MAHENDRA PAL, d/b/a HOOK<br>RECOVERY AND TOWING, | |
| **Defendants.** | |

## CLASS ACTION COMPLAINT

Plaintiffs Anthony Oliver, ("Plaintiff"), individually and on behalf of all others similarly situated, brings this Class Action Complaint and alleges the following against Defendant Michael Mahendra Pal, d/b/a Hook Recovery And Towing, ("Defendant or Defendant Pal"), based upon personal knowledge with respect to Plaintiff's and upon information and belief derived from, among other things, investigation of counsel, Plaintiffs and review of public documents as to all other matters:

## INTRODUCTION AND NATURE OF ACTION

1. This civil rights case challenges the Defendant's years-long policy, practice, and custom of using its law-enforcement and municipal court systems to generate revenue for itself, local police departments, prosecutor's office, and the Municipal and Magistrate Courts. Since March 2018, the Defendant has towed and impounded vehicles the Defendant had no right to resulting in a 640% increase in revenue generated from liens, forfeitures, and sales of vehicles he illegally obtained within the past six years. That money has gone almost entirely right back to the police department, courts, and used for use on hiring, trainings, conferences, and salaries of public entities in Chatham County alone.

2. Once a vehicle is illegally impounded by the Defendant, he then files civil actions to initiate the process of selling the vehicle. To do so, Defendant files hundreds of Magistrate Court civil actions, and then rubber stamps affidavits that it fulfilled it's due diligence that it informed the registered owner by complying with O.C.G.A. § 40-11-2, et seq., by complying with the statute that requires him to notify the registered owner by personal service, or certified United States Mail.

3. In this case, the Defendant admittedly never notified Plaintiff that it intended to sell and/or auction off Plaintiff's new 2018 Jeep Cherokee. In fact, Defendant concealed from a Magistrate Judge that it illegally towed the vehicle from Plaintiff's home, and was not abandoned in any way. In order to tow or impound any vehicles in Georgia, the Defendant must first obtain exclusive permission, rights, and powers from local State and Federal law enforcement. For example, the Defendant pays an annual fee to the State and Federal Motor Carrier Compliance Division, ("MCCD"), through the State of Georgia in order to facilitate his perpetuated fraud. Further, the Defendant is also registered with the Federal United States Department of Transportation, ("USDOT"), and must place insignia of his vehicles stating the same. Acting under the color of state law, the Defendant then pays hundreds of thousands of dollars a year for his rights to illegally tow and impounded vehicles from private property. In return, the MCCD, and local police departments, and the Georgia DDS provide the Defendant with the

motor vehicles name, address and other personal information after the Defendant pays them a portion of the proceeds from the sale of the Plaintiffs and the Class member's vehicles.

4. Upon information and belief, the Defendant has been carrying out these illegal business practices for years resulting in significant injuries to the Plaintiff, and the class of similarly situated individuals.

5. Plaintiff now brings this action to stop the Defendant from his continued illegal business practices, and

## JURISDICTION AND VENUE

6. This action is brought to enforce rights of the Plaintiffs, and all others similarly situated. It is brought under the laws of the State of Georgia. The action is brought under 42 U.S.C. § 1983 and other state law claims.

7. This Court has personal jurisdiction over Defendant because he is authorized to, and does conduct substantial business in this District, and is a citizen of this District by virtue of transacting business in this State, and allegedly maintaining a registered agent in this District. Further, all of the conduct complained of occurred in this Judicial District.

8. Venue is proper in Chatham County because all of the injuries arose in this District, and the Defendant resides and transacts business in Chatham County pursuant O.C.G.A. § 9-10-30; Ga. Const. art. VI, § 1, pp. III.

9. Plaintiff Anthony Oliver, ("Plaintiff"), is over the age of eighteen years old, and competent enough to bring this lawsuit.

10. Defendant Michael Mahendra Pal, d/b/a Hook Recover And Towing, can be served with service of process and can be served at 3920 Ogeechee Road, Savannah Georgia 31405.

## FACTUAL ALLEGATIONS

11. On October 3, 2023, Plaintiff obtained his consumer credit reports from Transunion, Experian and Equifax, and discovered that Plaintiff had a debt on his credit trade line for the amount of $ 24,000 plus dollars. Plaintiff telephoned Santander Consumer USA, Inc., ("Santander"), who was Plaintiff's lien holder doing business as Jeep Chrysler. There, Plaintiff was informed that his vehicle was impounded and later sold by a towing company identified as the Defendant, Michael Mahendra Pal, DBA Hook

3

Towing and Recovery. Plaintiff was also informed that the Defendant filed a civil action against Jeep Chrysler and Plaintiff to seek an order selling Plaintiffs vehicle.

12. In April of 2018, Plaintiff purchased a brand new 2018 Jeep Cherokee from a Chrysler dealership in Savannah. Plaintiff registered his vehicle with the Georgia Department of Driver Services using his address of 2710 Benton Blvd, Savannah Georgia, 31407.

13. Plaintiff was later incarcerated in Chatham County on unrelated charges for which he is currently incarcerated now for. While incarcerated, Plaintiffs vehicle remained at his apartment address with the permission of the property manager. The property management never gave the Defendant authorization to tow or impound Plaintiff's vehicle.

14. On or about November 20, 2020, the Defendant, acting under the color of state law, went to Plaintiffs address, and illegally towed and impounded his vehicle without the consent of the property manager, or Plaintiffs lien holder. With the exclusive powers given by the Georgia Motor Carrier Compliance Division, ("MCCD"), Defendant was able to illegally tow and impound Plaintiffs veichle. After impounding Plaintiffs vehicle, Defendant acting under the color of authority and state law, then calls into the local police dispatcher and informs the local police department of its vehicle seizure.

15. At all relevant times, Defendant impounded Plaintiffs vehicle without any legal authorization, or consent.

16. Defendant operates in Chatham, Bryan, Effingham, Bulloch and over ten surrounding counties in Georgia.

17. On or about March 14, 2020, the Defendant filed a civil magistrate Court action with the Clerk of the Chatham County Magistrate Court seeking a court order allowing it to sell Plaintiff's vehicle at a public sale to be held on an unknown date.

18. In the civil action filed with the Magistrate Court, Defendant committed perjury that it served Plaintiff and that it intended to sell Plaintiff's vehicle. However, Defendant never served Plaintiff, or his lien holder with any summons and/or complaint. Further, the civil complaint had an affidavit of

4

due diligence stating proper service upon Plaintiff.

19. The civil complaint was also illegally notarized by one of the Defendants family members, and business partner of the Defendant.

20. Under Georgia State law, O.C.G.A. § 45-17-8, et seq., the law states that a person who has a financial, or personal interest in the matter in question, which is the civil complaint that Defendant against Plaintiff in the Magistrate Court, then a person who is a notary may not notarize any documents where the notary has a personal interest.

21. At all relevant times, Plaintiff was being held at the Chatham County Detention Facility, ("CCDF"), without bail. Likewise, the jail records from CCDF given to Plaintiff by Sheriff John T. Wilcher demonstrate that a process server, nor a Chatham County deputy sheriff ever served Plaintiff at the CCDF.

22. Also on  or around  April 2020, the  Chatham County Magistrtae Court issued a  default judgment allowing Defendant  to sell Plaintiff's vehicle.

23. On May 23, 2023, Plaintiff Anthony Oliver learned that the Defendant illegally impounded Plaintiff's vehicle through a private investigator, and later sold the vehicle at an auction. Plaintiff contacted Defendant to contest the illegal impound of his vehicle, and to seek the return of all of Plaintiffs personal property that was located on his vehicle. Plaintiff spoke to Defendant Michael Pal, and in turn, he informed Plaintiff that he kept all of Plaintiff's personal belongings, and would not be returned unless Plaintiff paid the Defendant $ 1,800 plus dollars. Acting under the color of state law, Defendant knowingly violated Plaintiff and the Class member's right under the fifth amendment unlawful takings clause by refusing to return Plaintiff and the Class member's personal property located in their vehicle.

24. On  or around  December 8, 2021, the  Plaintiff's 2018 Jeep Cherokee was retitled to Tampa  Bay  Auto Experts, Inc. in Tampa, Florida. The  purchase price  listed on  an invoice prepared by Defendant  was  $ 14,500.

25. Acting under color of state law pursuant to 42 U.S.C. § 1983, Defendant then remitted part of the proceeds from the sale of Plaintiffs vehicle to the MCCD,

and to various local cities of Pooler and Savannah that also gives Defendant exclusive power and authority to illegally tow and seize vehicles. In return, the MCCD, and local police departments, and the Georgia DDS provide the Defendant with the motor vehicles name, address and other personal information after the Defendant pays them a portion of the proceeds from the sale of the Plaintiffs and the Class member's vehicles.

26. Defendant Pal failed to exercise reasonable due diligence and failed to make a good faith effort when it filed the service affidavit stating that it served Plaintiff and Chrysler with a copy of the summons and complaint when it knew, or had reason to know the affidavit was false, and lacking any credibility.

27. From February 28, 2020, as of the date of the filing of this Complaint, Defendant Pal has auctioned off, sold, or otherwise disposed of motor vehicles and personal effects belonging to multiple consumers and other victims after failing to file, or filing inaccurate, affidavits, and affidavits of service in default judgment proceedings against those persons. The illegal towing policies, practices and procedures of the Defendant has violated numerous state and federal laws of Georgia and the United States of America. Those towing and impounding policies and practices are an immensely lucrative revenue-raising device that Defendant has together, turbocharged since 2019. Between 2019 and 2020, annual tows skyrocketed from 50 to 789.

## CLASS ACTION ALLEGATIONS

28. Plaintiff brings this action on behalf of themselves and on behalf of all other persons similarly situated.

29. Plaintiffs proposes the following Class definition, subject to amendment as appropriate:

**The "Illegal Towing Class," defined to cover:**

"All persons who, since January 1, 2018 until the present, who have their vehicle illegally towed by the Defendant and later sold. On behalf of this Class, Plaintiff seeks class-wide declaratory and injunctive relief against the Defendant, including the disgorgement of the fees arising from the sale of any vehicle stemming from its unconstitutional policies, practices, and

6

customs.

30. Excluded from the Class are Defendant's officers and directors, and any entity in which Defendant has a controlling interest; and the affiliates, legal representatives, attorneys, successors, heirs, and assigns of Defendant. Excluded also from the Class are Members of the judiciary to whom this case is assigned, their families and Members of their staff.

31. Plaintiff reserves the right to amend or modify the class definitions with greater specificity or division after having had an opportunity to conduct discovery. The proposed Classes meet the criteria for certification under Rule 23(a), 23(b)(2), 23(b)(3), and 23(c)(4).

32. **Numerosity**. The Members of the Class are so numerous that joinder of all of them is impracticable. As noted above, the data breach affected almost 78,000 citizens of Chatham, Bryan, Bulloch and other surrounding counties in Georgia.

33. **Commonality**. There are questions of law and fact common to the Class, which predominate over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

a. Whether Defendant was acting under the color of state law;

b. Whether Defendant violated Plaintiff and the Class member's rights under the Fourth Amendment to the United States Constitution;

c. Whether Defendant violated Plaintiff and the Class member's rights under the Fifth Amendment Unlaw Taking Clause;

d. Whether Defendant had written or judicial authorization to tow and impound the vehicles belonging to Plaintiff and members of the Class;

e. Whether Defendant engaged in illegal reposseion and towing of vehicles;

f. Whether Defendant violated state and federal law when it filed false affidavits of service with the Magistrate Courts;

g. Whether Defendant intentionally filed affidavits of service knowing them to be false;

h. Whether Defendant had or continues to have an incentive to tow and impound as many vehicles possible to sale at auctions;

i. Whether Defendant violated O.C.G.A. § 45-17-8, when it allowed a person

with financial interest to notarize court documents on its behalf;

j. Whether Plaintiffs and Class Members suffered legally cognizable damages as a result of Defendant's misconduct;

k. Whether Defendant failed to provide adequate notice of the sale of Plaintiff and the Class member's vehicle;

l. Whether Plaintiff and Class member's are entitled to damages, civil penalties, punitive damages, and/or injunctive relief.

34. **Typicality**. Plaintiff's claims ere typical of those of other Class Members because Plaintiff's vehicle, and property located inside the vehicle, like that of every other Class member, was illegally searched and/or seized.

35. **Adequacy of Representation**. Plaintiffs will fairly and adequately represent and protect the interests of the Members of the Class. Plaintiff's Counsel is competent and experienced in litigating class actions, including civil rights litigation of this kind.

36. **Predominance**. Defendant has engaged in a common course of conduct toward Plaintiff and Class Members, in that all the Plaintiff's and Class Members' were unlawfully seized and sold in the same way. The common issues arising from Defendant's conduct affecting Class Members set out above predominate over any individualized issues. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

37. **Superiority**. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation. Absent a class action, most Class Members would likely find that the cost of litigating their individual claims is prohibitively high and would therefore have no effective remedy. The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members, which would establish incompatible standards of conduct for Defendant. In contrast, the conduct of this action as a class action presents far fewer management difficulties, conserves judicial resources and the parties' resources, and protects the rights of each Class member.

38. Defendant has acted on grounds that apply generally to the Class as a whole, so that class certification, injunctive relief, and corresponding declaratory relief are appropriate on a Class-wide basis.

39. Likewise, particular issues are appropriate for certification because such claims present only particular, common issues, the resolution of which would advance the disposition of this matter and the parties' interests therein. Such particular issues include, but are not limited to:

   a. Whether Defendant benefited from the illegal sale of the Plaintiff's and the Classes vehicles;

   b. Whether Defendant owed a legal duty to Plaintiff and the Class to properly notify them of the sale of their vehicle;

   c. Whether the Plaintiff and the Class are entitled to any of yhe proceeds from the sale of the Plaintiff's and the Class member's vehicles;

   d. Whether Defendant was entitled to obtain and keep Plaintiff and the Class' personal property located inside the vehicle;

   e. Whether the Defendant had written consent to tow Plaintiff and the Classes vehicles;

   f. Whether the Defendant has committed fraud upon the Courts of Georgia when it allowed a person with personal or financial interest certify court documents in civil actions;

   g. light of best practices recommended by data security experts;

   h. Whether Defendant's failure to properly serve and notify Plaintiff of the pending civil action amounted to negligence and/or fraud;

   i. Whether Defendant committed fraud when it filed false affidavits of services in civil actions it filed in the Magistrate Courts; and

40. Finally, all members of the proposed Class are readily ascertainable. Defendant has access to Class Members' names and addresses affected by the fraud perpetuated by the Defendant. In fact, Class Members have already been preliminarily identified by Plaintiff. Further, because the Defendant is required to keep records on file for a period of ten years, the records of names, addresses, and telephone numbers are in the possession of the Defendant and can be transmitted to the Plaintiff and his counsel

during the discovery phase.

### Plaintiff Is Entitled To Equitable Tolling On All Of His Claims

#### A. **Equitable Tolling**

41. Under the doctrine of equitable tolling, "plaintiffs may sue after the statutory time period has expired if they have been prevented from doing so due to any inequitable circumstances." Ellis v. GMAC, 160 F.3d 703, 706 (11th Cir. 2008). Tolling is "appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control, and unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269, 1271 (5th Cir. 1999). As the supreme court has stated, "[e]quitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs." See Wallace v. Kato, 549 U.S. 384, 396, 127 s. Ct. 1091, 166 L. Ed. 2d 973 (2007).

#### B. **The Coronavirus Pandemic**

42. The current COVID19 is a rapidly evoling, and still evoling, public health crisis of an extraordinary magnitude. On the past weeks, and months, "the unprecedented and extraordinary dangerous nature of the COVID-19 pandemic has become apparant." United States v. Stephens, 2020 WL 1295155, at *1, F.Supp. 3d (S.D.N.Y. March 19, 2020). On March 13, 2020, the CDC declared the COVID-19 outbreak to constitute a national emergency stating:

43. "In response to the public health experts' warnings about the virus' communicaility, and the severe health risk of the COVID19 disease that the virus causes, officials at all levels of government have adopted dramatic and widespread social distancing measures to slow the spread of the virus and protect the Health of the nation. The CDC has "acknowledged that correction and detention facilities present unique challenges for control of COVID19 transmission among incarcerated/detained persons, staff, and visitors." United States v. Kennedy, 2020 U.S. Dist. LEXIS 53359, 2020 WL 1493481, at * 2 E.D. Mich. March 27, 2020)(quoting Intermim Guidance on Management of Coronavirus Disease 2019 (COVID19) in correctional and detention facilities, CDC (Mar. 23, 2020). See also Stephens, 2020 U.S. Dist. LEXIS 47846, 2020 WL 1295155, at * 2 (citing Joseph A. Bick, Infection and

control). Due to the current pandemic, the Plaintiff tested positive for COVID19 twice in the past two years preceding the filing of this lawsuit that prevented the filing of this Complaint sooner thereby entitling the Plaintiff to the benefit of equitable tolling. Presently, Plaintiff and the Class have brought several claims against Defendant that carry a two and four-year statute of limitations. Accordingly, the doctrine of equitable tolling does apply to all of the Plaintiffs claims under both State, and Federal law.

## FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983 - Violation of the Fourth Amendment
### (On behalf of Plaintiff Anthony Oliver and the Class v. Defendant)

44. Plaintiff realleges and incorporates by reference each of the paragraphs.

45. In particular, this Count relies on the allegations that relate to the the illegal seizure, towing, and impounding of Plaintiff Anthony Oliver's car, including as detailed each of the paragraphs of this Complaint.

46. This Count is brought on behalf of Named Plaintiff Anthony Oliver, individually, against Michael Pal, d/b/a/ Hook Recovery and Towing.

47. This Count is brought against Defendant in violation of the Fourth Amendment and for seizing, towing, and impounding Plaintiff Anthony Oliver's and the Classes car in violation of the Fourth Amendment.

48. Defendant acting under the color of state law, is given the powers to illegally tow cars to it, by the State of Georgia, the MCCD, and local police departments, and municipalities. In return, Defendant then transmits funds back to these agencies. This is an incentive to illegally impound as many vehicles as possible. In return, the MCCD, and local police departments, and the Georgia DDS provide the Defendant with the motor vehicles name, address and other personal information after the Defendant pays them a portion of the proceeds from the sale of the Plaintiffs and the Class member's vehicles.

49. Illegally towing vehicles without any legal justification, or judicial order, is a violation of the Fourth Amendment.

50. It is clearly established that towing a vehicle without any legal right, or without any justification, is a violation of the Fourth Amendment. Every reasonable government official would have had fair warning that illegally

11

towing and impounding a person's vehicle without a legal right, was, and still is, unconstitutional.

51. The Fourth Amendment to the United States Constitution likewise secures the right to be free from unreasonable seizures of property.

52. Towing a car is a seizure under the Fourth Amendment and must be supported by either a warrant or an exception to the warrant requirement.

## SECOND CAUSE OF ACTION

### Georgia Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-370, et seq.
### (On behalf of Plaintiff Anthony Oliver and the Class v. Defendant)

53. Plaintiff re-alleges and reincorporates each of the paragraphs as stated herein.

54. Defendant, and Plaintiff, and the Class are "persons" within the meaning of O.C.G.A. § 10-1-371(5) of the Georgia Uniform Deceptive Trade Practices Act ("Georgia UDTPA"). Defendant has engaged in deceptive trade practices in the conduct of its business, in violation of O.C.G.A. § 10-1-372(a), including:

   a.  Representing that goods or services have characteristics that they do not have;

   b.  Representing that goods or services are of a particular standard, quality, or grade if they are of another;

   c.  Advertising goods or services with intent not to sell them as advertised; and

   d.  Engaging in other conduct that creates a likelihood of confusion or misunderstanding.

Defendants, and each of them used deceptive trade practices include:

   a.  Failing to implement procedures to ensure that the Defendants would not defraud Plaintiff and the Class;

   b.  Failing to follow the laws of the State of Georgia of properly serving Plaintiff and the Class with a Georgia Summons;

   c.  Failing to file accurate entry of services with the Magistrate and State Courts of Georgia;

   d.  Having Court documents notarized by persons with having financial or a personal interest in the outcome of all the civil lawsuits the Defendant has filed;

   e.  Omitting, suppressing, and concealing the material fact that Plaintiff and the Class were allegedly served with a summons when they were

12

not;

  f.  Omitting, suppressing, and concealing material facts that Plaintiff Defendant illegally impounded vehicles without consent, or authorization to do so.

55. Defendants' representations and omissions were material because  they were used to deceive Plaintiff, the Class members, and the Magistrate and Superior Courts of Georgia.

56. Defendant acted intentionally, knowingly,  and maliciously to violate Georgia's Uniform Deceptive Trade Practices Act,  and recklessly disregarded Plaintiffs' and the class members rights.

57. As a direct and proximate result of omissions the Defendants deceptive trade practices, Plaintiff and the Class have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and nonmonetary damages, including from fraud and identity theft; time and  expenses related  to  monitoring their financial  accounts  for fraudulent activity; an increased, imminent risk of fraud and identity theft;  and the repossession and loss of their vehicles and personal property located inside the vehicle. Plaintiff seeks all relief allowed by law, including injunctive relief, and costs, under O.C.G.A.  § 10-1-373.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Anthony Oliver and the Class pray for judgment as follows:

  a)  For an Order certifying this action as a class action and appointing Plaintiff and his counsel to represent the Class;

  b)  For equitable relief enjoining continuing to transact business in Georgia for repossessing, towing or impounding vehicles pending the outcome of this lawsuit;

  c)  For an order enjoining Defendant from continuing its criminal and civil misconduct by illegally repossessing, towing or impounding vehicles from residents of the State of Georgia;

  d)  For an order of this Court referring the Defendant and this case to the United States Attorney's office for the Southern District of Georgia, the

Chatham County District Attorney's office, and the Georgia Attorney General for criminal and civil prosecution;

e) For an order of this Court directing Defendant to return Plaintiff's vehicle to him;

f) For an order of this Court declaring that Defendant has violated the criminal and civil laws of Georgia;

g) For an order of this Court directing Defendant to cease and desist in allowing persons with a personal or financial interest in notarizing, or certifying its documents;

h) For an order of this Court directing the Chief Magistrate and Superior Court Judge of this circuit to dismiss all civil actions filed by the Defendant that have not been properly notarized, or certified;

i) For an award of actual damages, compensatory damages, statutory damages, and statutory penalties, in an amount to be determined, as allowable by law;

j) For an award of attorneys' fees and costs, and any other expense, including expert witness fees;

k) Pre- and post-judgment interest on any amounts awarded; and

l) Such other and further relief as this court may deem just and proper.

### JURY TRIAL DEMANDED

Plaintiff Anthony Oliver and the Class hereby demands a trial by jury on all claims so triable.

Respectfully submitted,

Dated: June 7th, 2023

McNeill Stokes
Georgia Bar Number 683600

5372 Whitehall Place SE
Mableton, GA 30126
Telephone: 404-352-2144
Email: mcstokes@bellsouth.net