# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| ANTHONY OLIVER, Individually and on behalf of all others similarly situated.  Plaintiffs,  vs.  MICHAEL MAHENDRA PAL, d/b/a HOOK RECOVERY AND TOWING; ROOPAL LETA PAL, d/b/a HOOK RECOVERY AND TOWING; GOGEITH ENTERPRISES, L.L.C.  Defendants. | Case No.: 4:23-CV-00209-CLR-WTM |

### PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR DISQUALIFICATION OF DEFENSE COUNSEL

COMES NOW Anthony Oliver, ("Plaintiff"), ***by and through counsel***, and files this brief in support of Motion for immediate Disqualification of counsel Robert Brian Tanner, and his law firm. In support of the following, Plaintiff states as follows:

## INTRODUCTION

1.

Plaintiff commenced this action in the Chatham County Superior Court for violations of the the Fourth Amendment to the United States Constitution, 42 U.S.C. § 1983, due to the Defendant Michael Mahandera Pal, [1] doing business as Hook Recovery and Towing to unlawlly seize Plaintiffs vehicle from his home without his consent, or anyone elses consnet.. Plaintiff has since identified the Defendants corporation he is doing business under as Gogeith, L.L.C.

2.

Defendant Pal later removed this action this action on or about July 26, 2023, and is now pending. ECF Dkt. # 1.

3.

Plaintiff contends in this lawsuit that the Defendant illegally reposed his vehicle, falsified a notice of sale to the Chatham County Recorders Court by having his wife notarize the Court documents. While incarcerated at the Chatham County Detention Facility on unrelated charges, the Defendant went to Plaintiffs home and illegally seized Plaintiffs vehicle. He then misled the Court and Clerk into believing that he served Plaintiff with the notice of sale of Plaintiffs vehicle (which he did not), and filed such notices with the Court.

4.

Once Plaintiffs vehicle was reposed, then Defendant went on to steal more vehicles across several counties in the same manner. To date, the Defendant has reposed hundreds of vehicles from U.S. Military Service members, to now a law school student named Kimberly attending law school in Savannah. Plaintiff now sues the Defendant, and two proposed Defendants in his First Amended Complaint for declaratory, permanent, and injunctive relief.

---

[1] Defendant Michael Mahendra Pal is currently a convicted felon and appears on the Georgia Bureau of Investigation website as an active sex offender for raping and sexually assaulting a minor under the age of thirteen years old unless otherwise noted.

## BACKGROUND

5.

After Plaintiff commenced this action, he retained Savannah attorney Robert Brian Tanner, and his firm. Attorney Tanner did the unthinkable fresh from the start of this case. He sent Plaintiffs counsel a detailed letter threatening Plaintiff criminal charges for the alleged crimes of theft by deception, extortion, and several phantom crimes. Attorney Tanner also stated in his abusive, and threatening letter that Plaintiff better "dismiss this action by the close of end of business day by July 21, 2023, by 5:00, p.m."

6.

Attorney Tanner used his letter by means of using threats, intimidation, and coercion in a blatant attempt to make this case go away. Attorney Tanner said he would in fact be seeking felony prosecution. Also in the letter which was even harder to understand, Attorney Tanner falsely claimed that Plaintiff was pretending to be a lawyer named John P. Anderson, and has been pretending to be him "for years." Amounting to nothing but threats, libel, and slander, Attorney Tanner then goes on to ask Plaintiffs counsel whether or not Attorney John P. Anderson really exists. Attorney Tanner would use hiss status of being a former prosecutor to entice the District Attorney into filing charges.

7.

Since he sent this letter to Plaintiffs counsel, the State Bar of Georgia got involved, and ordered Plaintiff to provide five State Bar investigators with copies of the letter. The State Bar of Georgia confirmed to Plaintiff and his step-father that he would be disbarred if the complaint and the allegations were sustained in violation of Georgia Rule of Professional Conduct, rule 3.4., which prohibits members of the bar from threatening litigants with criminal prosecution for an advantage in a civil dispute. That's exactly what occurred here, and disbarrment for Attorney Tanner is compulsory.

8.

Plaintiff has now learned that Attorney Tanner contacted the Chatham County District Attorney's office, and investigators to to pursue criminal charges as he held true on his word to prosecute, or try to prosecute Plaintiff for imaginary extortion charges. Plaintiff was also informed Attorney Tanner told the District Attorney's office that Plaintiff was practicing law without a law license, and that Plaintiff embezzled campaign contributions he accumulated while running for Mayor of Savannah in the phantom amount of $ 186,000 dollars.

9.

An issue of conflict has not risen, and with Attorney Tanner unable to control himself in these proceedings, and a lawsuit now filed by Plaintiff against him, and his current clients for libel, and slander, an additional conflict has not came about and disqualification is mandated. Plaintiff requests that this Motion in its entirety, be granted.

**LEGAL ARGUMENT**

10.

A party's right to his choice of counsel is an important interest which requires that this Court approach any motion to disqualify counsel with great caution. <u>Herrmann v. GutterGuard, Inc</u>. , 199 Fed. Appx. 745, 752 (11th Cir. 2006); Ga. Rules of Prof'l Conduct, R. 1.7, cmt. 15. When such a motion is made, the Court must take care to balance competing interests. <u>Nuri v. PRC, Inc</u>. , 5 F. Supp. 2d 1299, 1303 (M.D. Ala., 1998). It should consider the facts of the particular case, balancing the need to maintain the integrity of the legal community and the legal process and to protect litigants from prejudice caused by violations of the Rules of Professional Conduct against a party's clear right to choose his own counsel and an attorney's right to practice his profession. See also <u>In re Finkelstein </u>, 901 F. 2d 1560, 1565 (11th Cir.1990).

11.

Generally, courts are "reluctant to grant motions to disqualify opposing counsel because 'disqualification has an immediate adverse effect on the client by separating him from counsel of his choice,' because parties often move for disqualification of opposing counsel for tactical reasons, and because, 'even when made in the best of faith, such motions inevitably cause delay.'" Clough v. Richelo, 274 Ga. App. 129, 132, 616 S.E.2d 888 (2005) (quoting Reese v. Ga. Power Co., 191 Ga. App. 125, 127, 381 S.E.2d 110 (1989)); see also Nuri, 5 F. Supp.2d at 1304. In fact, a disqualification order should "be resorted to sparingly." Norton v. Tallahassee Mem'l Hosp., 689 F.2d 938, 941 n. 4 (11th Cir. 1982). A district court should not disqualify an attorney "on the basis of a determination after the fact that conduct is unethical if responsible attorneys would differ in appraising the propriety of that conduct." In re Finkelstein, 901 F.2d 1560, 1565 (11th Cir.1990). Moreover, "[i]f a district court bases its disqualification order on an allegation of an ethical violation, the court may not simply rely on a general inherent power to admit and suspend attorneys, without any limit on such power. . . . The court must clearly identify a specific Rule of Professional Conduct which is applicable to the relevant jurisdiction and must conclude that the attorney violated that rule." Herrmann v. GutterGuard, Inc., 199 Fed. Appx. 745, 752 (11th Cir. 2006) (quoting Schlumberger Techs., Inc. v. Wiley, 113 F.3d 1553, 1561 (11th Cir. 1997)).

12.

In the present case, Defendants counsel Attorney Tanner has violated the one of the cardinal sins by threatening to bring criminal charges against Plaintiff for exercising his rights guaranteed by the First Amendment to the United States Constitution to petition the Courts. Further, as Plaintiff alleges, Attorney Tanner threatened to have Plaintiff charged, and indicted for various crimes if Plaintiff did not dismiss this lawsuit against his client in violation of Georgia Bar rule 3.4., that prohibits the bar members from threatening to bring criminal charges to

gain an advantage. As such, Attorney Tanner violated Rule 1.7 of the Georgia Rules of Professional conduct, which deals with an attorney's obligation to avoid conflicts of interest. Defendant further argues that if Counsel were permitted to continue to represent the Defendant as he would necessarily violate both Rule 1.7 and Rule 1.9 of the Georgia Rules of Professional Conduct.

13.

The continued representation of Defendant Pal also necessarily raises concerns about a violation of Rule 1.6, governing a lawyer's duty to maintain in confidence all information gained in the professional relationship with a current client and his counsel because they are now both facing a lawsuit for libel, slander, slander per se, and emotional distress by Plaintiff filed in the Chatham County Superior Court. And now each of them will become witnesses against one another causing concerns.

14.

**A.  Counsel Has Violated Rule 1.7**

Conduct 1.7 sets forth the general rule when a conflict of interest exists and provides:

> A lawyer shall not represent or continue to represent a client if there is a significant risk that the lawyer's own interests or the lawyer's duties to another client, a formerclient, or a third person will materially and adversely affect the representation of the client.

Ga. Rules of Prof'l Conduct R. 1.7(a).

15.

The principal underlying this rule is clear, and cut.  Simply put, "a lawyer should always act in amanner consistent with the best interests of his client. It is a proud hallmark of the legal profession that an attorney owes undivided loyalty to his client-undiluted by conflicting or contrariant obligations, and undiminished by interests of himself or of others." Paul v. Smith, Gambrell & Russell, 267 Ga. App. 107, 110, 599 S.E.2d 206 (2014).  Loyalty to a client is "impaired when a lawyer cannot consider, recommend or carry out an

appropriate course of action for the client because of the lawyer's other competing responsibilities or interests." Ga. Rules of Prof'l ConductR. 1.7, cmt. 4.

16.

Thus, if the interests of another client may impair the lawyer's independent professional judgment or in anyway foreclose alternatives that would otherwise be available to the client, the lawyer is prohibited from undertaking simultaneous representation. *Id*. The "mere potential of inadequate representation that is caused by a split of loyalties is a harm that the conflict of interest rules were designed to protect." Summerlin v. Johnson, 176 Ga.App. 336, 339, 335 S.E. 2d 879 (1985). This factor weighs in favor of an order disqualify Attorney Tanner and his firm alone.

17.

**B.  Counsel Has Violated Rule 3.4**

A lawyer shall not:

(a) unlawfully obstruct another party's access to evidence or unlawfully alter, destroy or conceal a document or other material having potential evidentiary value. A lawyer shall not counsel or assist another person to do any such act;

(h) present, participate in presenting or threaten to present criminal charges solely to obtain an advantage in a civil matter.

Ga. Rules of Prof'l Conduct R. 3.4 (h)

The maximum penalty for a violation of this rule is disbarment.

In one noted, and persuasive case that is identical to this case, in Flatley v. Mauro, where counsel sent a threatening letter to Plaintiffs counsel. In Flatley, the threat was to "publically accuse [the defendant] of rape" and other crimes, which of course is similar here where Attorney Tanner stated he would be prosecuting Plaintiff for extortion, theft, and impersonating a lawyer. What's more, is that Attorney Tanner took the necessary steps in contacting the District Attorney in an attempt to have this case be dismissed. His client of course,

already admitted that he could be bankrupt in this case. So by any means necessary, Attorney Tanner violated numerous bar rules that have no room for continued representation. <u>Cornelius v. Auto Analyst, Inc</u>., 222 Ga. App. 759, 476 S.E. 2d 9, (1996). Filing a lawsuit against a tow truck company and its owner who is a convicted child molester is far from extortion as Attorney Tanner claims, or informed the District Attorney. See <u>United States v. Pendergraft</u>, 297 F.3d 1198, 1207–08 (11th Cir. 2002) (a threat to file litigation—even if made in bad faith and supported by false affidavits—was not "extortion.").

18.

## C. Disqualification Must Be Imputed To Attorney Tanner's Law Firm

As discussed in detail above, Attorney Tanner violated the criminal laws of Goergia, and is now seeking to have Plaintiff arrested and convicted for false allegations of extortion, and others. With a lawsuit now filed, there is a conflict of interest pursuant to Rule 1.9(b). As discussed in detail, the law firm Durham, Tanner, & Clarkson must be disqualified from being adverse to Defendant Pal as a matter of law. See <u>Shuttleworth v. Rankin-Shuttleworth</u>, 759 SE 2d 873, 876 (Ga: App. 2014); See, e.g., <u>Dodson v. Floyd</u>, 529 F. Supp. 1056, 1060 (N.D. Ga 1981). See, e.g., Rule 1.10 ("While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7.").

**Comment 1 to Rule. 1.10 provides:**

> [1] For purposes of these Rules, the term "firm" includes lawyers in a private firm, and lawyers in the legal department of a corporation or other organization, or in a legal services organization. Whether two or more lawyers constitute a firm within this definition can depend on the specific facts. . . . The terms of any formal agreement between associated lawyers are relevant in determining whether they are a firm, as is the fact that they have mutual access to information concerning the clients they serve. Furthermore, it is relevant in doubtful cases to consider the underlying purpose of the Rule that is involved. A group of lawyers could be regarded as a firm for purposes of the rule that the same lawyer should not represent opposing parties in litigation,

while it might not be so regarded for purposes of the
rule that information acquired by one lawyer is attributed
to the other.

19.

Prior to reaching these substantive issues, however, the Court is required first to decide whether counsel for Plaintiff has standing to bring the present motion, as he does. <u>Bernocchi v. Forcucci</u>, 279 Ga. 460, 463, 614 S.E. 2d 775, 779 (2005); R. 1.7, cmt. 15. For an attorney to have standing to raise the issue of an opposing lawyer having a conflict of interest, "there must be a violation of the rules which issufficiently severe to call in question the fair and efficient administration of justice." *Id.* Plaintiffs counsel has clearly satisfied this requirement. Simply put, for an attorney to simultaneously represent two clients (one being an adversarial, fact witness) when he is unable to maintain loyalty to both clients and may be required to breach client confidentiality. Such a circumstance breeds prejudice and delay and undermines the credibility of our judicial system.

### **CONCLUSION**

For all the foregoing reasons, Plaintiff respectfully requests that this Court grant this Motion ordering counsel Attorney Robert Brian Tanner disqualified from this case. Plaintiff also respectfully requests that this motion be imputed to his law firm of Durham, Tanner, & Clarkson.

                                              Respectfully submitted,

Dated: August 1st, 2023           */S/ McNeill Stokes*
                                             McNeill Stokes
                                             Georgia Bar Number 683600

5372 Whitehall Place SE
Mableton, GA 30126
Telephone: 404-352-2144
Email: mcstokes@bellsouth.net

# CERTIFICATE OF SERVICE

This is to certify that copies of the foregoing document **PLAINTIFF'S MOTION FOR DISQUALIFICATION** will be served on all parties via the Courts cm/ecf program.

                                                    Respectfully submitted,

Dated:  August 1st, 2023            */S/ McNeill Stokes*
                                                    McNeill Stokes
                                                    Georgia Bar Number 683600

5372 Whitehall Place SE
Mableton, GA 30126
Telephone: 404-352-2144
Email:  mcstokes@bellsouth.net