IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| ANTHONY OLIVER, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL MAHENDRA PAL, doing business as Hook Recovery and Towing,<br><br>    Defendant. | CASE NO. CV423-209 |

## ORDER

Before the Court is Plaintiff Anthony Oliver's Motion for Disqualification of Defense Counsel (Doc. 12), which Defendant Micheal Mahendra Pal has opposed (Doc. 16).[1] For the following reasons, Plaintiff's motion is **DENIED**. (Doc. 12.) Moreover, this Court **DISMISSES** Plaintiff's Complaint. (Doc. 1, Attach. 1.)

### BACKGROUND

This case arises from Defendant's allegedly wrongful towing

---

[1] The Court reluctantly scheduled a hearing on Plaintiff's motion for August 31, 2023, to hear whether Plaintiff and his counsel McNeill Stokes had any possible arguments to support their motion. (Doc. 19.) After further review of filings in this case and Defendant's response, the Court has determined no hearing is necessary. Accordingly, Mr. Stokes's subsequent motion to appear telephonically due to medical conditions is **DISMISSED AS MOOT**. (Doc. 20.)

and sale of Plaintiff's 2018 Jeep Cherokee in 2020.[2] (Doc. 1, Attach. 1 at 8.) On June 7, 2023, Plaintiff, through his attorney McNeill Stokes, filed a "class action complaint" against Defendant based on these allegations in the Superior Court of Chatham County.[3] (Id. at 5, 18.) Plaintiff alleged that the "civil rights case" challenged Defendant's practice of illegally towing and selling vehicles to generate funds for himself, law enforcement, the prosecutor's office, and local courts. (Id. at 6.) Plaintiff essentially theorized that Defendant acted "under the color of state law" because he pays a fee to and registers with state and federal agencies to conduct towing operations and subsequently pays a portion of the proceeds of the sale of the towed vehicles to the agencies. (Id. at 6-7, 8, 9-10.) Based on these factual allegations, Plaintiff asserted a Fourth Amendment unreasonable seizure of property claim pursuant to 42 U.S.C. § 1983 on his behalf and on behalf of others similarly situated. (Id. at 15.) Plaintiff also asserted a state law claim pursuant to the Georgia Uniform Deceptive Trade Practices Act.[4] (Id. at 16.)

---

[2] Plaintiff argues he is entitled to equitable tolling of the statute of limitations due to the COVID-19 pandemic. (Doc. 1, Attach. 1 at 14-15.)
[3] To the extent Plaintiff requested that the Court certify this as a class action, it is denied. (Doc. 1, Attach. 1 at 17.)
[4] Plaintiff also attempted to assert a third state law cause of action for violations of Georgia's Unfair Business Practices Act in a First Amended Class Action Complaint, which the Clerk of Court docketed as a motion to amend. (Doc. 8 at 16.) The Clerk of Court is **DIRECTED** to administratively terminate this motion. (Doc. 8.)

2

Before and after Plaintiff filed his complaint, John P. Anderson, an individual holding himself out to be an attorney representing Plaintiff, sent a series of emails to Defendant and others regarding the allegedly unlawful towing. (E.g., Doc. 16, Attach. 1 at 15.) In those emails, Mr. Anderson demanded settlement and threatened criminal action by state and federal authorities, among other claims. (Id. at 15, 18-19, 21, 25-26.) No attorney bar number or law firm is referenced in the emails. Mr. Anderson appears to be a fictitious person.

Despite repeated requests by R. Brian Tanner, Defendant's counsel, to verify Mr. Anderson's existence or license to practice law, neither Plaintiff nor Mr. Stokes offered any evidence to confirm as much. (Id. at 6-7.) On July 11, 2023, Mr. Tanner sent a letter to Mr. Stokes explaining why Mr. Oliver's claims were without any legal or factual basis. (Doc. 17, Attach. 1 at 2-6.) After explaining why Plaintiff's claims failed, Mr. Tanner mentioned "the apparent criminal activity in which [Mr. Stokes's] client has engaged in a[n] unlawful attempt to extort a settlement of these frivolous claims." (Id. at 6.) Citing Oliver v. Navy Federal Financial Group, LLC, No. 5:22-cv-38 (MTT), 2022 WL 2070627 (M.D. Ga. June 8, 2022), Mr. Tanner outlined how he believed Mr. Oliver himself used the guise of Mr. Anderson to impersonate an

attorney and threaten Defendant.[5] (Doc. 17, Attach. 1 at 6.) Mr. Tanner asserted that the emails "constitute[d] attempted theft by extortion in violation of O.C.G.A. § 16-4-1 and § 16-8-16 and unlawful impersonation of an attorney in violation of O.C.G.A. § 15-19-51." (Id.)

Given these concerns, Mr. Tanner stated: "If you decide to proceed with these clearly frivolous claims, we will seek our attorneys' fees and expenses pursuant to O.C.G.A. § 9-15-14 from Mr. Oliver and – given our rebuffed and ignored attempts to explain to you the flaws in Mr. Oliver's case – from you directly." (Id. at 2.) Mr. Tanner further rejected Mr. Anderson's settlement offer and countered by offering to "forego [their] current claim against [Mr. Stokes] and Mr. Oliver under O.C.G.A. §§ 9-14-14(b), 10-1-399(d), 10-1-373(b)(1), and 42 U.S.C. § 1988(b) for attorneys' fees and costs, and . . . refrain from referring Mr. Oliver for criminal prosecution for impersonating a lawyer, if the pending lawsuit [was] dismissed . . . ." (Id. at 7.)

On July 27, 2023, Defendant removed the case to this Court based on federal question jurisdiction. (Doc. 1 at 2.) This Court has previously labeled Mr. Oliver a vexatious litigant and imposed

---

[5] The Honorable Judge Marc T. Treadwell of the Middle District of Georgia ordered Mr. Oliver to explain who "John Anderson" was and provide contact information for him. Oliver v. Navy Fed. Fin. Grp. LLC, No. 5:22-CV-38 (MTT), 2022 WL 2127832, at *2 (M.D. Ga. June 9, 2022).

4

filing restrictions on him. See, e.g., Oliver v. Cnty. of Chatham, CV417-101, Doc. 220 (S.D. Ga. May 31, 2018); Oliver v. City of Pooler, No. CV418-100, 2019 WL 1005198, at *1 (S.D. Ga. Feb. 28, 2019). As a result, Defendant filed a motion to impose and enforce pre-filing restrictions against Plaintiff that same day. (Doc. 4.)

In Plaintiff's request for an extension of time to respond to Defendant's motion to impose filing restrictions and other filings, Plaintiff, through Mr. Stokes, claimed that he filed a complaint with the State Bar of Georgia for Mr. Tanner's purported violation of Georgia Rule of Professional Conduct 3.4,[6] which he contends was sustained. (Doc. 7 at 1-2; see also Doc. 9 at 3-4.) Plaintiff also advised of a forthcoming civil complaint against Mr. Tanner for libel, slander, and other causes of action, and he alluded to criminal charges against Mr. Tanner and a motion to disqualify him. (Doc. 7 at 1-2; see also Doc. 9 at 3-4.)

On August 2, 2023, Plaintiff, through Mr. Stokes, filed the instant motion to disqualify. (Doc. 12.) Defendant filed a response in opposition (Doc. 16), to which Plaintiff filed a reply (Doc. 18).

---

[6] "A lawyer shall not . . . (h) present, participate in presenting or threaten to present criminal charges solely to obtain an advantage in a civil matter." Ga. Rules of Pro. Conduct, R. 3.4(h), Fairness To Opposing Party and Counsel.

5

**ANALYSIS**

I.  <u>MOTION TO DISQUALIFY</u>

As the Eleventh Circuit explained, motions to disqualify are governed by two sources of authority – federal common law and local rules of the court. <u>Herrmann v. GutterGuard, Inc.</u>, 199 F. App'x 745, 752 (11th Cir. 2006) (per curiam). The local rules of this Court incorporate the Georgia Bar Rules of Professional Conduct. S.D. Ga. L.R. 83.5(d).

> If a district court bases its disqualification order on an allegation of an ethical violation, the court may not simply rely on a general inherent power to admit and suspend attorneys, without any limit on such power. Instead, the court must clearly identify a specific Rule of Professional Conduct which is applicable to the relevant jurisdiction and must conclude that the attorney violated that rule.
>
> The party bringing the motion to disqualify bears the burden of proving the grounds for disqualification. Because a party is presumptively entitled to the counsel of his choice, that right may be overridden only if compelling reasons exist. A disqualification order is a harsh sanction, often working substantial hardship on the client and should therefore be resorted to sparingly. A motion to disqualify brought by opposing counsel should be viewed with caution for it can be misused as a technique of harassment.

<u>Herrmann</u>, 199 F. App'x at 752 (internal citations and quotation marks omitted). Even if a rule is violated, disqualification is not automatically mandatory. <u>Prudential Ins. Co. of Am. v. Anodyne, Inc.</u>, 365 F. Supp. 2d 1232, 1236-37 (S.D. Fla. 2005). "Courts have

6

considered various factors, such as the nature of the ethical violation; the prejudice to the parties; the effectiveness of counsel in light of the violations; the public's perception of the profession; and whether or not the attempt to disqualify an attorney is used as a tactical device or a means of harassment[]" to determine whether disqualification is appropriate. Id. at 1237.

Plaintiff cites several Georgia Rules of Professional Conduct in support of his argument that Mr. Tanner should be disqualified. First, as highlighted above, he contends Mr. Tanner violated Rule 3.4 by threatening to bring criminal charges against Plaintiff to obtain an advantage in a civil matter. (Doc. 12 at 5, 7-8.) Plaintiff also cites Rules 1.6, 1.7, and 1.9, which address confidentiality issues and conflicts of interest, and he contends Mr. Tanner's disqualification should be imputed to his law firm based on Rule 1.10. (Id. at 6-7, 8.)

The Court will leave a determination about a violation of the Georgia Rules of Professional Conduct to the State Bar of Georgia. However, even assuming a violation occurred, Plaintiff has failed to carry his heavy burden to show that disqualification is proper, and the Court **DENIES** Plaintiff's motion to disqualify. (Doc. 12.) Considering the circumstances of this case and the factors outlined above, Plaintiff's motion is clearly another effort to harass his opponent.

II. <u>SUA SPONTE DISMISSAL</u>

"A district court abuses its discretion when it dismisses an action sua sponte without providing the plaintiff with notice of its intent to dismiss or an opportunity to respond, unless amendment would be futile or the complaint is patently frivolous." <u>Brinson v. Welsh</u>, 709 F. App'x 582, 584 (11th Cir. 2017) (per curiam) (alteration, internal citations, and quotation marks omitted). "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32, 104 L. Ed. 2d 338 (1989) (citation omitted). The Court has reviewed Plaintiff's complaint and determined that Plaintiff's attempt to bring a § 1983 class action based on a purported wrongful towing is frivolous, <u>see, e.g.</u>, <u>Robertson v. Breakthrough Towing, LLC</u>, No. 19-10266, 2022 WL 4292314, at *6-8 (E.D. Mich. Sept. 16, 2022), and that claim is **DISMISSED WITH PREJUDICE.** The Court notes that the allegations in Plaintiff's complaint in this case are particularly concerning given he is represented by Mr. Stokes and, therefore, not entitled to liberal construction afforded to pro se litigants. <u>Brinson</u>, 709 F. App'x at 584. Additionally, the Court declines to exercise supplemental jurisdiction over any state law claims, and those claims are **DISMISSED WITHOUT PREJUDICE.** 28 U.S.C. § 1367(c) ("[T]he district courts may decline to exercise supplemental jurisdiction

8

over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction[.]").

## CONCLUSION

Accordingly, Plaintiff's motion to disqualify is **DENIED**. (Doc. 12.) Plaintiff's complaint is also **DISMISSED**. (Doc. 1.) Defendant's motion to impose and enforce filing restrictions is **DISMISSED AS MOOT**. (Doc. 4.) The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 29th day of August 2023.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA